IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JHAQUILLE HANKERSON,

          Plaintiff,

v.

JUUL LABS, INC., ALTRIA GROUP, INC.,
ALTRIA ENTERPRISES LLC, PHILIP
MORRIS USA, INC., JAMES MONSEES;
ADAM BOWEN; NICHOLAS PRITZKER;
HOYOUNG HUH; RIAZ VALANI,

          Defendants.

Case No.:

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Altria Group, Inc., Altria Enterprises LLC, Philip Morris USA Inc. (hereafter "the Altria Defendants") hereby removes this action, captioned *Jhaquille Hankerson v. Juul Labs, Inc., et al.*, Case No. 2021 CA 002590 B, from the Superior Court of the District of Columbia, to the United States District Court for the District of Columbia. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

By filing this Notice of Removal, the Altria Defendants do not waive, and hereby reserve, any and all objections to venue, personal jurisdiction, the legal sufficiency of the claims alleged in Plaintiff's complaint, and all other objections and defenses. The Altria Defendants reserve the right to supplement and amend this Notice. Pursuant to 28 U.S.C. § 1446(a), Altria Defendants provide the following statement of the grounds for removal:

## BACKGROUND

1.     Plaintiff Jhaquille Hankerson commenced this action on July 27, 2021, in the Superior Court of the District of Columbia, Civil Division, which is within the district and division to which this case is removed.  28 U.S.C. § 88.  As required under 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders in the underlying district action are attached as Exhibit A.

2.     In this civil action, Plaintiff asserts claims against Defendants based on the design, promotion, marketing, and sale of JUUL products.  Specifically, Plaintiff alleges that Defendants "engaged in a campaign of deceit . . . about the dangers of JUUL products," that JLI "had purposefully targeted youth in their marketing," that JLI "design[ed] designing an unsafe product with a high nicotine content that was intended to addict," that JLI "engaged in a years' long campaign to downplay JUUL's nicotine content," and that Defendants "knew that its flavors had attracted young people and non-smokers." *See, e.g.*, Compl. ¶¶ 5, 7, 79, 124, 564.  Plaintiff alleges that Defendants "caused and/or substantially contributed to Plaintiff's injuries" and that "Plaintiff would not have purchased or started using JUUL's products if she had been adequately warned about the nicotine content and dosage, risks of addiction, and other health risks."  *Id.* ¶ 496.

3.     Plaintiff asserts nineteen causes of action: (1) Negligence/Gross Negligence; (2) Negligent Design; and (3) Negligent Failure to Warn; (4) Negligent Manufacturing; (5) Negligent Failure to Recall/Retrofit; (6) Strict Liability – Defective Manufacture; (7) Strict Liability – Defective Design; (8) Strict Liability – Failure to Warn; (9) Fraud; (10) Fraudulent Concealment; (11) Negligent Misrepresentation; (12) Civil Conspiracy; (13) Unjust Enrichment; (14) Breach of Express Warranties; (15) Breach of Warranty, Implied Warranty – Fitness for a Particular Purpose; (16) Breach of Implied Warranty of Merchantability; (17) Violation of North Carolina Unfair

Deceptive Trade Practices (UDPTA); (18) Intentional Infliction of Emotional Distress; and (19) Negligent Infliction of Emotional Distress.

4.      Removal is proper pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendants, the amount in controversy exceeds $75,000, exclusive of interest and costs, the only in-state Defendant has not been served, and all other requirements for removal have been satisfied.

5.      This notice is timely filed under 28 U.S.C. § 1446(b).

6.      In addition, under 28 U.S.C. § 1332(a) and 28 U.S.C. § 1446(b), defendants who have been properly joined and served must consent to removal.  No Defendants have been served in this action.[1]

7.      Pursuant to 28 U.S.C. § 1446(d), the Altria Defendants will give written notice of the filing of this Notice of Removal to all parties of record in this matter and will file a copy of this Notice with the clerk of the Superior Court in which this action was filed.

8.      If any question arises as to the propriety of the removal to this Court, the Altria Defendants and the remaining defendants request the opportunity to present a brief and oral argument in support of their position that this case has been properly removed.

I.      **ONGOING MULTIDISTRICT PROCEEDINGS**

9.      On October 2, 2019, the Judicial Panel on Multidistrict Litigation ("JPML") issued a Transfer Order, which transferred lawsuits concerning the development, manufacture, labeling, and marketing of JUUL products, and the alleged risks posed by those products, to the Northern District of California for assignment to the Honorable William H. Orrick III for coordinated and

---

[1] The Defendants expressly reserve, and do not waive, all defenses related to service of process and personal jurisdiction.

consolidated pretrial proceedings.  Transfer Order, *In re: JUUL Labs, Inc., Mktg., Sales Practices, and Products Liab. Litig.*, MDL No. 2913 (J.P.M.L. Oct. 2, 2019), ECF No. 144.

10.     Since that time, more than 2,000 cases raising similar factual issues against JLI and the Altria Defendants have been filed in courts around the country and transferred by the JPML to MDL No. 2913 or filed directly in MDL No. 2913.

11.     In view of the substantial factual overlap between this action and the thousands of actions already transferred and coordinated in MDL No. 2913, the Altria Defendants intend to notify the JPML that this case is also a "tag-along" action that should be transferred to the Northern District of California for inclusion and coordination with MDL No. 2913.

## VENUE AND JURISDICTION

**II.     VENUE IS PROPER IN THIS COURT.**

12.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 88, 1391, 1441(a), and 1446(a) because the Superior Court of the District of Columbia, District of Columbia, where the complaint was filed, is a district within the United States District Court for the District of Columbia.

**III.    THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. § 1332.**

13.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendants, the amount in controversy exceeds $75,000, exclusive of interest and costs, and all other requirements for removal have been satisfied.

A. **There Is Complete Diversity Of Citizenship Between Plaintiff And Defendants.**

14.     Plaintiff Jhaquille Hankerson is a citizen of the State of North Carolina.  *See* Compl.
¶ 15 ("Plaintiff Jhaquille Hankerson is a 27-year-old adult male living in Cary, North Carolina.");
28 U.S.C. § 1332(a)(1).

15.     Defendant JLI is a Delaware corporation.  Compl. ¶ 17.  Its principal place of
business is Washington, D.C.  *Id.*

16.     Defendant Altria Group, Inc., is a Virginia corporation with its principal place of
business in Virginia.  Compl. ¶ 18.

17.     Defendant Altria Enterprises LLC is a Virginia limited liability company with its
principal place of business in Virginia.  *Id.* ¶ 20.  Through its sole member, Altria Group, Inc.,
Altria Client Services LLC is a citizen of Virginia.

18.     Defendant Philip Morris USA Inc. (incorrectly named in the caption as Philip
Morris USA, Inc.) is a Virginia corporation with its principal place of business in Virginia.  *Id.* ¶
21.

19.     Defendant James Monsees is a citizen of the State of California.  *Id.* ¶ 22.

20.     Defendant Adam Bowen is a citizen of the State of California.  *Id.* ¶ 23.

21.     Defendant Nicholas Pritzker is a citizen of the State of California.  *Id.* ¶ 24.

22.     Defendant Hoyoung Huh is a citizen of the State of California.  *Id.* ¶ 25.

23.     Defendant Riaz Valani is a citizen of the State of California.  *Id.* ¶ 26.

24.     In sum, Plaintiff is a citizen of North Carolina and Defendants are citizens of
Delaware, Washington, D.C., Virginia, and California.  Thus, there is complete diversity of
citizenship between Plaintiff and Defendants.

**B.      The Amount In Controversy Exceeds $75,000.**

25.      Under 28 U.S.C. § 1332, diversity jurisdiction requires that the matter in controversy "exceed[] the sum or value of $75,000, exclusive of interest and costs."  This requirement is met.

26.      A "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).  "Evidence establishing the amount is required . . . only when the plaintiff contests, or the court questions, the [removing] defendant's allegation." *Id.*  "[C]ourts may consider the evidence provided to them and exercise some degree of common sense in order to independently determine whether the amount in controversy has been met." *M3 USA Corp. v. Haunert*, No. 20-CV-3784 (DLF), 2021 WL 1894847, at *1 (D.D.C. May 11, 2021) (quoting *Parker-Williams v. Charles Tini & Assocs., Inc.*, 53 F. Supp. 3d 149, 152 (D.D.C. 2014)).

27.      The complaint does not include a specific demand for damages.  However, a full and fair reading of it confirms the amount in controversy exceeds $75,000, exclusive of interest and costs.  To begin with, the complaint "seeks compensatory, treble, punitive damages, and medical monitoring."  Compl. ¶ 496.  Plaintiff claims she "still struggles with this nicotine addiction and will continue to struggle with this addiction for the rest of her life,"  and that "Defendants' conduct has also harmed Plaintiff emotionally and financially."  Compl. ¶¶ 494-95. Plaintiff seeks judgment for, *inter alia*,  "medical expenses; pain and suffering; mental anguish, anxiety, and discomfort; lost wages and income; fear of cancer or other related diseases; loss of enjoyment of life; loss of consortium; pre and post judgment interest; exemplary and punitive damages . . . ; treble damages; general damages;  damages allowed and/or provided for under D.C. Code § 28–3905; Damages allowed and/or provided for under D.C. Code § 28–4508; reasonable

6

attorneys' fees and expenses; such other relief to which Plaintiff may be justly entitled; and Any and all other damages to be shown at trial" *Id.* ¶ 736. These and other allegations compel the conclusion that the amount in controversy exceeds the jurisdictional minimum.

28.     Plaintiff is not entitled to damages or fees of any amount, but a fair reading of the complaint describes an amount in controversy exceeding $75,000.

## IV.   SNAP REMOVAL IS PERMISSIBLE UNDER 28 U.S.C. § 1441(B)(2)

29.     Generally, "formal service is not required prior to removal." *See, e.g.*, *Doe v. Daversa Partners*, No. 20-CV-3759 (BAH), 2021 WL 736734, at *5 (D.D.C. Feb. 25, 2021); 28 U.S.C. § 1448 (providing for service after removal if "any one or more of the defendants has not [yet] been served with process or . . . the service has not been perfected prior to removal").

30.     Accordingly, out-of-state defendants such as the Altria Defendants are permitted, by statute, "to remove a diversity case when the in-state defendant has not been served." *Daversa Partners*, 2021 WL 736734, at *3 (D.D.C. Feb. 25, 2021) ("As written, the plain language of this statutory provision *only bars removal when a forum-defendant has been properly joined and served*.") (emphasis added); 28 U.S.C. § 1441(b)(2). "The weight of authority is that snap removals are permitted under the forum-defendant rule, and the plain text of the statute supports this conclusion. *Id.* at *4; *see also Middlebrooks v. Godwin Corp.*, 279 F.R.D. 8, 11 (D.D.C. 2011) (listing multiple federal district courts that have held "formal service is not required before removing a case."); *Daversa Partners*, 2021 WL 736734, at *4 (collecting cases and noting that pre-service removal under § 1441(b)(2) has been upheld by multiple federal circuit courts).

31.     Because the requirements of federal diversity jurisdiction are met, and JLI has not been served, removal is proper under 28 U.S.C. § 1441.

## <u>CONCLUSION</u>

WHEREFORE, having met all conditions of removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Altria Defendants hereby remove this action from the Superior Court of the District of Columbia, to this Court, and respectfully requests that no further proceedings be had in the Superior Court of the District of Columbia.

DATED:  July 29, 2021                              Respectfully submitted,

                                                                /s/  *David E. Kouba*
                                                                David E. Kouba
                                                                D.C. Bar No: 483145
                                                                John C. Massaro
                                                                Jason A. Ross
                                                                ARNOLD & PORTER KAYE SCHOLER LLP
                                                                601 Massachusetts Ave, NW
                                                                Washington, DC 20001
                                                                Telephone:  202-942-5000
                                                                Facsimile:  202-942-5999
                                                                David.Kouba@arnoldporter.com
                                                                John.Massaro@arnoldporter.com
                                                                Jason.Ross@arnoldporter.com